UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALAN E. WOOD,<br><br>                    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                    Defendant. | CASE NO. C14-5077 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable John L. Weinberg, United States Magistrate Judge (Dkt. 24), and Plaintiff Alan Wood's ("Wood") objections to the R&R (Dkt. 26).

## I. PROCEDURAL BACKGROUND

On August 29, 2014, Judge Weinberg issued the R&R recommending that the Court affirm the Administrative Law Judge's ("ALJ") decision that Wood did not satisfy the requirements of Social Security Listing 12.05. Dkt. 24.

On September 15, 2014, Wood filed objections. Dkt. 26. On September 25, 2014, the Government responded. Dkt. 28. On October 2, 2014, Wood replied. Dkt. 29.

ORDER - 1

## II. DISCUSSION

Wood objects to Judge Weinberg's recommended disposition. Dkt. 26. Wood argues that he satisfied the requirements of Listing 12.05B and C. *Id.* at 1.

Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's recommended disposition. Rule 72(b) provides as follows:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

To establish a disability under Listing 12.05, a claimant must satisfy the diagnostic description in the introductory paragraph, as well as one of the criteria in parts A through D. 20 C.F.R. pt. 404, subpt. P, app. 1. § 12.00A. Listing 12.05 provides, in relevant part, as follows:

> Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied. . . .
>     B. A valid verbal, performance, or full scale IQ of 59 or less; or
>     C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation or function . . . .

*Id.* § 12.05.

1    In this case, the ALJ found that Wood did not satisfy Listing 12.05's diagnostic
2 description.[1]  AR 23.  According to the ALJ, the evidence did not demonstrate that
3 Wood's impairment began before age 22.  *Id.*  Judge Weinberg determined that the ALJ's
4 decision was supported by substantial evidence.  Dkt. 24 at 7.

5    Wood argues that Listing 12.05's diagnostic description requires only a *de minimis*
6 showing of deficits in adaptive functioning before age 22.  Dkt. 26 at 3.  According to
7 Wood, the phrase "deficits in adaptive functioning" merely provides context and etiology
8 to "significantly subaverage general intellectual functioning" in the diagnostic
9 description.  *Id.*

10   Wood's argument is inconsistent with the plain language of Listing 12.05.
11 Listing 12.05 requires that "the evidence demonstrates or supports onset of the
12 impairment before age 22."  20 C.F.R. pt. 404, subpt. P, app. 1. § 12.05.  Listing
13 12.05 defines "the impairment" (i.e., intellectual disability) as "significantly
14 subaverage general intellectual functioning with deficits in adaptive
15 functioning . . . ."  *Id.*  Based on this language, the impairment consists of both
16 significantly subaverage general intellectual functioning *and* deficits in adaptive
17 functioning.  *See id.*  Rather than merely providing context, the deficits in adaptive
18 functioning are part of the impairment itself.  Accordingly, Listing 12.05's
19 diagnostic description requires more than a *de minimis* showing of deficits in
20 adaptive functioning before age 22.

---

[1] It is undisputed that Wood satisfied the criteria for parts B and C.  *See* Dkt. 24 at 5 n.1.

1  In light of Listing 12.05's language, the Court agrees with Judge Weinberg
2  that the ALJ's decision should be upheld.  Although Wood recounts additional
3  facts in the record, the interpretation of evidence is within the ALJ's purview.  *See*
4  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is
5  susceptible to more than one rational interpretation, one of which supports the
6  ALJ's decision, the ALJ's conclusion must be upheld.").  Here, a review of the
7  record indicates that the ALJ's conclusion is supported by substantial evidence,
8  which is cited and thoroughly addressed in the R&R.  *See* Dkt. 24 at 6–7.  Thus,
9  the ALJ's decision must be upheld.

The Court having considered the R&R, Wood's objections, and the remaining record, does hereby find and order as follows:

   (1)   The R&R is **ADOPTED**;

   (2)   The ALJ's decision is **AFFIRMED**; and

   (3)   This action is **DISMISSED**.

Dated this 24th day of November, 2014.

                        BENJAMIN H. SETTLE
                        United States District Judge